UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Melissa S. Landon, et al.,

    Plaintiffs,

v.                                                                                                        Case No. 18-cv-994

Bluegreen Vacations Unlimited, Inc. and
Bluegreen Vacations Corporation,

    Defendants.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

## INTRODUCTION

    Bluegreen Vacations Unlimited, Inc. and its parent, Bluegreen Vacations Corporation (collectively, the "Bluegreen entities"), bring this motion to dismiss to raise flaws fatal to most of Plaintiffs' Complaint. In their opening pleading, Plaintiffs raise allegations that cannot stand in light of contradictory language in the contracts they incorporate by reference. Perhaps the most obvious example is the fact that Plaintiffs allege that Bluegreen Vacations Corporation is a party to these contracts when a quick review of the contracts demonstrates that it is not. Plaintiffs cannot state a claim by alleging that a contract says something it does not or is something it is not.

    Plaintiffs fail to state a claim for misrepresentation because they fail to allege that the Bluegreen entities said one thing and did (or intended to do) something other than what the Parties agreed to in their contract—*i.e.*, that the Bluegreen entities made a false statement. Plaintiffs allege that the Bluegreen entities made misrepresentations in these contracts because the contracts say that Wisconsin law applies while describing a process Plaintiffs believe does

not mirror Wisconsin law. At best, however, all they have alleged is an ambiguous contract—not a misrepresentation. And because they are wrong as to Wisconsin law, they have not even alleged that. As a result, this claim must be dismissed. Even if this claim could stand, Plaintiffs have no claim against Bluegreen Vacations Corporation for the language in the contracts because Bluegreen Vacations Corporation is not a party to those contracts.

Plaintiffs also cannot sustain a claim for using unlawful attorney fee language in a consumer loan, because the contracts containing this language are not loans. Even if Plaintiffs are right that this language would be illegal in a loan document, the language is in sales contracts, which are not covered by the statute. Moreover, in those same sales contracts, Plaintiffs agreed that if they needed a loan to pay for the sale, they—not the Bluegreen entities—were responsible for getting said loan. And, as with their misrepresentation claim, Plaintiffs base this claim on contracts to which Bluegreen Vacations Corporation is not a party and therefore they cannot maintain this claim against Bluegreen Vacations Corporation.

Finally, the Landons fail to state a claim with respect to their referral selling plan allegations because they have not alleged any facts related to two key elements in this claim. Plaintiffs fail to allege that the use of such a plan caused them any harm and they have failed to allege what such harm was. As a result, this Court must dismiss the Landons' referral selling plan claim.

## **LEGAL STANDARD**

Plaintiffs must bring "a complaint [containing] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" in order to survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs must allege a statement of the claim that is "short and plain," Fed. R. Civ. P. 8(a)(2), and sufficiently gives

Defendants "fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations omitted); *see also Twombly*, 550 U.S. at 555.

In their complaint, Plaintiffs must also make allegations that raise their possibility of relief "above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citations omitted); *Tamayo*, 526 F.3d at 1083 (citations omitted). Raising the claim above a speculative level does not require detailed factual allegations, but Plaintiffs must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Although courts generally limit their review to the pleadings on a motion to dismiss, defendants may attach documents to a motion to dismiss that are considered part of the pleadings if they are "referred to in the plaintiff's complaint and are central to [his] claim." *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Thus, Plaintiffs cannot "evad[e] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quotations omitted). Even on a motion to dismiss, the Court should resolve contradictions between the pleadings and documents attached to the pleadings in favor of the attachments. *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co. of Chicago,* 927 F.2d 988, 991 (7th Cir. 1991).

## **ARGUMENT**

Defendants ask this Court to dismiss most of Plaintiffs' Complaint for three reasons.

First, Plaintiffs fail to state a claim for misrepresentation. They allege that the plain language of the contracts, without contradicting statements or policies, is a misrepresentation on its face. At best, however, they have alleged an ambiguous contract, not a misrepresentation.

-3-

Moreover, they are wrong on the basis for their claim of misrepresentation because they ignore provisions of Wisconsin law. Even if this claim could survive, Plaintiffs cannot sustain it against Bluegreen Vacations Corporation because Bluegreen Vacations Corporation is not a party to the contracts at issue.

Second, Plaintiffs fail to state a claim for use of unlawful attorney fee provisions. Plaintiffs base this claim on language in sales contracts, but the statute at issue only applies to certain loans. Plaintiffs have not alleged these contracts are loans and cannot, because the contracts themselves state that if Plaintiffs needed loans to pay for the sales, Plaintiffs were responsible for obtaining those loans. In addition, as with their misrepresentation claim, Plaintiffs cannot bring factual allegations that contradict the contracts they incorporate by reference. Because Bluegreen Vacations Corporation is not a party to these contracts, Plaintiffs cannot maintain this claim against Bluegreen Vacations Corporation, even if they could get around the fact that these contracts are not loans.

Third, the Landons fail to allege facts sufficient to state a claim that the Bluegreen entities violated Wisconsin's ban on referral selling. The Landons have not alleged that the Bluegreen entities' use of such a plan caused them to incur any damages. They cannot maintain this claim without even barebones allegations supporting two necessary elements of this claim.

## I. PLAINTIFFS CANNOT SUSTAIN THEIR MISREPRESENTATION CLAIM AS A MATTER OF LAW.

Plaintiffs fail to state a claim that the Bluegreen entities misrepresented their cancellation rights under Wisconsin law for two reasons. First, they do not actually allege misrepresentation under Wis. Stat. § 707.55—they allege an ambiguity in the contract. But ambiguity is not misrepresentation. While they are wrong to allege that the contract is ambiguous, they have nonetheless failed to allege that the Bluegreen entities said one thing and did (or intended to do)

another; *i.e.*, made a false statement. Second, even if a party could be liable for misrepresentation based solely on the plain language of a contract, Plaintiffs cannot allege a misrepresentation was made by relying on incorrect statements of the law. Regardless, Plaintiffs fail to state a claim against Bluegreen Vacations Corporation because this claim is based upon the language to a contract to which Bluegreen Vacations Corporation is not a party.

> **A.  Plaintiffs Cannot Support a Misrepresentation Claim Based on Language in a Contract Without Alleging Contradicting Policies or Statements.**

As a preliminary matter, because Plaintiffs purchased property located outside of Wisconsin, the majority of the Wisconsin Timeshare Act does not apply to their transaction. *See* Wis. Stat. §§ 707.58 & 707.59 (limiting the majority of the Wisconsin Timeshare Act to "time shares created in units within" Wisconsin).[1] Plaintiffs allege as much in their complaint. (Complaint ¶ 117.) As a result Plaintiffs do not (and cannot) allege that the Bluegreen entities violated the various cancellation provisions within the Wisconsin Timeshare Act.

Instead, because Plaintiffs actually made their purchases in Wisconsin, (Complaint ¶¶ 111-12, 126-27, 147-48), they have to raise their cancellation claims under Wis. Stat. § 707.55, the only section of the Wisconsin Timeshare Act that applies to their sales. Wis. Stat. § 707.59(2). Here, Plaintiffs allege that the Bluegreen entities violated Wis. Stat. § 707.55(1) because they allege the contract contains a material misrepresentation regarding their cancellation rights. (*See* Complaint ¶¶ 153-59.)

By bringing this claim in such a roundabout way, Plaintiffs have complicated their ability to get the relief they seek. Because they have to allege a misrepresentation, they must allege facts showing: (1) that the Bluegreen entities made a misrepresentation; and (2) this

---

[1] New Hampshire, Arizona, and Virginia, the states where Plaintiffs' timeshare units are located, all have laws covering the protection of timeshare purchasers. *See* N.H. Stat. Chp. 356-a *et seq.*; A.R.S. § 32-2197 *et seq.*; VA Code § 55-360 *et seq.*; (Complaint ¶¶ 111-12, 126-27, 147-48.)

misrepresentation was a material fact. Plaintiffs have failed to allege either, so they cannot state a claim under Wis. Stat. § 707.55(1).

First, Plaintiffs have not alleged a misrepresentation. Plaintiffs do not allege that the Bluegreen entities told them one thing and then put something different in the contract. Nor are they claiming that the Bluegreen entities had them agree to one thing in a contract and never intended to follow through on that thing. Rather, they are claiming that a provision in the contract means something different than as expressed in plain language. (*See* Complaint ¶¶ 72-77.)

Plaintiffs cannot sustain a misrepresentation claim based solely on language in a contract. In doing so, Plaintiffs attempt to conflate an allegedly ambiguous contract with a misrepresentation. (*See* Complaint ¶¶ 69-72.) Courts frequently address contract interpretation issues—not through tort law—but through well settled canons of contract construction. *See, e.g, BV/B1, LLC v. InvestorsBank*, 2010 WI App 152, ¶¶ 19-26, 330 Wis. 2d 462, 792 N.W.2d 622. In *BV/B1* the court defined an ambiguous contract as one whose terms are susceptible to more than one interpretation and explained how a court should discern the meaning of an ambiguous contract term. *Id.* Plaintiffs never address why those methods are not applicable here.

Second, they allege that this difference amounts to violation of Wis. Stat. § 707.55(1), but they never explain why this difference was material. Restatement (Second) of Contracts § 162 (1981); *see also* Wis. JI-Civil 2418 (explaining that an element of misrepresentation is "whether the misrepresentation materially induced (caused) the plaintiff to sustain a loss."), citing *K&S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 2007 WI 70, ¶ 35, 301 Wis. 2d 109, 732 N.W.2d 792. The Plaintiffs do not allege that the differences they identify between the cancellation language in the contracts and what they believe is Wisconsin law had any impact on

-6-
QB\53710677.4
Case 2:18-cv-00994-PP   Filed 09/05/18   Page 6 of 17   Document 12

their actions. (*Compare* Complaint ¶¶ 76-81 (describing alleged statute and contract differences generally) *with* ¶ 131 (describing alleged violation as to the Landons) *and* ¶¶ 156-57 (describing alleged violation.) In fact, they do not allege that they acted upon any desire to cancel their purchases or that they tried to do so. (*See* Complaint ¶ 81.) As such, Plaintiffs completely disregard the materiality element of their misrepresentation claim.

> **B.   Plaintiffs Are Wrong to Allege that the Parties' Cancellation Provision Misstates Wisconsin Law.**

Even setting aside these issues, Plaintiffs have no legal basis for the foundation of their misrepresentation claim. Plaintiffs allege that by using the phrase, "your cancellation rights are subject to and protected by Wisconsin law," the contract actually means, "your cancellation rights are subject to and protected by Wis. Stat. §§ 707.41, 707.46, & 707.47." (*See* Complaint ¶¶ 69-72.) Plaintiffs then take issue with the fact that the actual description of the cancellation rights in the contracts does not quote verbatim from these statutes. (*See, e.g.*, Complaint ¶ 77.)

As much as Plaintiffs would like the contracts to say they are incorporating three specific statutes, the contracts do not cite to any of those statutes. Rather, they read:

> YOUR CANCELLATION RIGHTS ARE SUBJECT TO AND PROTECTED BY WISCONSIN LAW. . . . WISCONSIN LAW PROVIDES YOU WITH THE FOLLOWING CANCELLATION RIGHTS:
>
> YOU MAY CANCEL THIS CONTRACT WITHOUT ANY PENALTY OR OBLIGATION WITHIN 5 BUSINESS DAYS FROM THE DATE YOU SIGN THIS CONTRACT OR UNTIL 5 BUSINESS DAYS AFTER YOU RECEIVE THE APPROVED PUBLIC OFFERING STATEMENT, WHICHEVER IS LATER. IF YOU DECIDE TO CANCEL, YOU MUST NOTIFY THE DEVELOPER, IN WRITING, OF YOUR INTENT TO CANCEL. YOUR NOTICE OF CANCELLATION SHALL BE EFFECTIVE UPON THE DATE SENT AND SHALL BE SENT TO: . . .

(Feinstein Decl. Exs. A (p. 5), B (p. 4), C (p. 4).)[2] Plaintiffs appear to assume that in the context of a time-share sales contract, cancellation rights under "Wisconsin law" can only mean Wis. Stat. §§ 707.41, 707.46, & 707.47. This Court need not take Plaintiffs' word for it. Because two of Plaintiffs' three claims are based on language in the Parties' contract, (*see, e.g.*, Complaint ¶¶ 68, 82), whereby the Landons and the Auxier-Hpares, respectively, agreed to purchase timeshare points from Bluegreen Vacations Unlimited, Inc., Plaintiffs have incorporated those contracts by reference. This Court thus may consider these contracts part of the pleadings and review each on its face. The Bluegreen entities have included these contracts as Exhibits A-C to the Declaration of Emily M. Feinstein for this Court's convenience. In its review, this Court can see Plaintiffs are mistaken—nowhere do the Parties cite to or incorporate the verbatim text of Wis. Stat. §§ 707.41, 707.46, & 707.47.

Not only are Plaintiffs wrong on the contract language, they are wrong to assume that the right to cancel a timeshare purchase under Wisconsin law must refer to Wis. Stat. §§ 707.41, 707.46, & 707.47. Rather, the Wisconsin legislature provided various cancellation rights for time-share purchases, depending on the property purchased and the individual making the sale. A purchaser only has the right to cancel under Wis. Stat. § 707.47(2) under three circumstances: (1) if she or he is purchasing a timeshare, (2) not previously disposed of; (3) or is buying a timeshare from a person in the business of selling real estate who offers a timeshare for the person's own account. Wis. Stat. §§ 707.41(2) & 707.02(11). A purchaser buying a previously-owned timeshare has a similar, albeit slightly different, right to cancel the purchase. *See* Wis. Stat. § 707.48(3)(c) (purchaser has 5 days after receiving "certificate" to void purchase).

---

[2] Plaintiffs misquote this language in Paragraph No. 71 of their Complaint, leaving out the language providing that the purchaser may also cancel 5 business days after receiving the approved public offering statement if the public offering statement is received after the purchaser signs the contract.

Moreover, outside of the Wisconsin Timeshare Act, Wisconsin law allows parties to a contract to agree to whatever cancellation procedure they would like, as long as the clause at issue does not violate public policy. *See, e.g., In re F.T.R.,* 2013 WI 66, ¶ 68, 349 Wis. 2d 84, 833 N.W.2d 634. Thus Plaintiffs are wrong to allege that by using the phrase "your cancellation rights are subject to and protected by Wisconsin law," the Parties automatically incorporated Wis. Stat. §§ 707.41, 707.46, & 707.47 in the contracts.

In the contracts at issue, the Parties agreed to a cancellation procedure that combined the various cancellation procedures in the Wisconsin Timeshare Act. The Parties agreed to five business days from the execution of the contract or the purchasers' receipt of certain information relating to the purchase, whichever date was later. Both Wis. Stat. § 707.47(2) and Wis. Stat. § 707.48(3)(c) provide cancellation procedures that make the timeline for cancellation dependent upon the receipt of documents related to the purchase. (*Compare* Feinstein Decl. Exs. A-C *with* Wis. Stat. §§ 707.47(2) (time-share disclosure statement under Wis. Stat. § 707.41(2)) *and* 707.48(3)(c) (certificate under Wis, Stat. § 707.48(1)). In addition, the Parties agreed that in order to cancel, Plaintiffs had to notify Bluegreen Vacations Unlimited in writing—a method recognized under Wis. Stat. § 707.47(5), but not specifically provided in Wis. Stat. § 707.48(3)(c). (Feinstein Decl. Exs. A (p. 5), B (p. 4), C (p. 4).)

Because the agreed-upon cancellation procedure combines methods set forth in the Wisconsin Timeshare Act, Plaintiffs are wrong to claim the alleged misrepresentation was that the contract does not provide them with protections under Wisconsin law. The Parties agreed that "Wisconsin law" would apply to Plaintiffs' cancellation rights and specifically agreed to a cancellation right that combined two similar Wisconsin statutes providing for timeshare cancellations. (Feinstein Decl. Exs. A-C.) Plaintiffs have no claim for misrepresentation under

these circumstances. They are not alleging that the Bluegreen entities promised one thing and delivered another, or that the Bluegreen entities made a false statement. (*See* Complaint ¶¶ 72-77.)

Plaintiffs raise two other arguments in their cancellation claim that are red herrings. (Complaint ¶¶ 74-75.) First, the Bluegreen entities were not required to provide Plaintiffs with a Wisconsin time-share disclosure statement under Wis. Stat. § 707.41. An individual selling timeshare property, located in Wisconsin, must provide purchasers with a time-share disclosure statement only when the property: (1) has never been sold or (2) is not being sold on the individual's own account. Wis. Stat. § 707.41(2); *see also* Wis. Stat. §§ 707.02(11) & (12). The Parties did not agree that the Bluegreen entities would provide such a statement in the contracts at issue. Nor are the Bluegreen entities required to do so by law. *See* Wis. Stat. §§ 707.58 & 707.59. Similarly, the Parties did not contract to follow the requirements of Wis. Stat. § 707.46, and because the properties sold were not located in Wisconsin, Wis. Stat. § 707.46 did not apply to these sales. Wis. Stat. §§ 707.58 & 707.59.

In sum, Plaintiffs cannot allege that the plain language of the contract was a misrepresentation without alleging contradictory policies or actions. Instead, Plaintiffs ask this Court to insert verbatim language from Wis. Stat. §§ 707.41, 707.46, and 707.47 into the contract and then use that new language to create a contradiction that would not otherwise exist. In the end, the Parties to these contracts agreed to the cancellation procedure described in the contracts and that procedure is almost identical to the various cancellation procedures allowed in the Wisconsin Timeshare Act.

### C. Plaintiffs Fail to State a Claim For Misrepresentation Against Bluegreen Vacations Corporation Because Bluegreen Vacations Corporation Is Not a Party to the Contracts.

Plaintiffs limit their misrepresentation claim to the language of their contracts, but Bluegreen Vacations Corporation is not a party to the contracts. (*See* Feinstein Decl. Exs. A-C (p.4).) Plaintiffs may allege otherwise, but the Court must look to the contracts. And, even on a motion to dismiss, the Court need not accept the allegations in the complaint that contradict the plain language of the contracts that are incorporated by reference. *Graue Mill Dev. Corp.,* 927 F.2d at 991. Plaintiffs cannot maintain a misrepresentation claim against Bluegreen Vacations Corporation by alleging it is party to contracts to which, on their face, Bluegreen Vacations Corporation is not a party.

## II. PLAINTIFFS FAIL TO STATE A CLAIM IN COUNT 3 BECAUSE WIS. STAT. § 428.103 DOES NOT COVER THE CONTRACTS AT ISSUE.

Plaintiffs cannot sustain their claim for use of an unlawful attorney fee provisions under Wis. Stat. § 428.103 because the law only applies to certain loans, and the contracts at issue are not loans. Indeed, in entering these sales contracts, Plaintiffs agreed that they would be responsible for obtaining any loans necessary to pay for their purchases. Even if this claim could survive, Plaintiffs cannot maintain it against Bluegreen Vacations Corporation because Bluegreen Vacations Corporation was not a party to these contracts and Plaintiffs cannot plead out of that fact.

### A. Plaintiffs Cannot Bring a Claim for Wis. Stat. § 428.103 Because the Contracts at Issue Are Sales Contracts, Not Loans.

Plaintiffs fail to state a claim for an illegal attorneys' fee provision under Wis. Stat. § 428.103 because this statute does not apply to the contracts at issue. In fact, Plaintiffs allege facts demonstrating that other entities—not the Bluegreen entities—are the entities governed by this statute. (*See* Complaint ¶¶ 111, 147.) Moreover, in these contracts, Plaintiffs agreed that

-11-

they were responsible for obtaining financing, if necessary, to pay for their purchases. (Feinstein Decl. Exs. A-C (Terms and Conditions ¶ 7).) In that very language, Plaintiffs agreed these contracts are not loans. Because Wis. Stat. § 428.103 only prohibits use of certain language in loans, and these contracts are not loans, Plaintiffs fail to state a claim under Wis. Stat. § 428.103.

Plaintiffs base their third claim on Wis. Stat. § 428.103, which prohibits certain language from being used in certain loans. Plaintiffs allege that by including a provision in the sales contract requiring buyers to pay attorneys' fees and costs of collection in the case of default, the Bluegreen entities violated Wis. Stat. § 428.103. (Complaint ¶ 190.) However, in creating this statute, the legislature limited its application to three certain kinds of loans. Wis. Stat. § 428.101. Plaintiffs do not even attempt to allege that the sales contracts at issue are loans much less the three kinds of loans covered by Wis. Stat. § 428.101.

As further evidence of this limit, the legislature did not bar *every* party to *any* contract from requiring buyers to pay attorneys' fees and costs of collection in the case of default. Rather, the legislature only barred "creditors" from doing so. A creditor, as defined in the statute, is a "person who regularly engages in, arranges for or procures from 3rd persons," first lien real estate mortgages or equivalent security interests if the amount financed is $25,000 or less. Wis. Stat. §§ 428.101(3), 428.102(2), 428.103(1)(e).

Here, Plaintiffs have not alleged that the contracts at issue are loans or that either Bluegreen entity is a "creditor" with respect to those contracts. In fact, Plaintiffs allege that other entities financed these purchases. (Complaint ¶¶ 111, 147.) Because Plaintiffs have not alleged sufficient facts to show that either Bluegreen entity "regularly engages in, arranges for or procures from 3rd persons," first lien real estate mortgages or equivalent security interests if the

amount financed is $25,000 or less with respect to the contracts at issue, Plaintiffs have failed to state a claim against the Bluegreen entities for violating Wis. Stat. § 428.103. Nor can they.

In signing these contracts, Plaintiffs agreed that they were responsible for obtaining any financing they wanted in connection with the sale. (Feinstein Decl. Exs. A-C (Terms and Conditions ¶ 7).) Plaintiffs agreed that they were responsible for completing and submitting a loan agreement. (*Id.*) They agreed that if they did not qualify for such financing the sale would be null and void. (*Id.*) As a result, neither Bluegreen entity can be a creditor with respect to these contracts.

Moreover, Plaintiffs do not allege that either Bluegreen entity engages in, arranges for or procures from 3rd persons, first lien real estate mortgages or equivalent security interests with respect to these contracts. Instead, Plaintiffs allege that the Bluegreen entities have a "practice of contracting for and arranging for *buyers to sign timeshare contracts*" that contain a provision for attorneys' fees. (Complaint ¶ 85 (emphasis added).) Arranging for buyers to sign time-share contracts is not equivalent to entering into loan agreements, and thus is not sufficient to state a claim under Wis. Stat. § 428.103. Plaintiffs have not even alleged that the contracts at issue are loans or that, with respect to those timeshare contracts, either Bluegreen entity is a creditor as defined by statute.

Finally, Plaintiffs also allege that entities other than the Bluegreen entities financed these purchases. Specifically, Plaintiffs allege that Cibola Vista Resort & Spa and InnSeason Resorts South Mountain Condominium are the creditors in the relevant transactions. (Complaint ¶¶ 111, 147.) Not only have Plaintiffs failed to allege that these contracts are loans, but they have pointed to facts that show the Bluegreen entities are not creditors under the statute. Plaintiffs have thus failed to state a claim for Count 3, a violation of Wis. Stat. § 428.103.

-13-
QB\53710677.4
Case 2:18-cv-00994-PP   Filed 09/05/18   Page 13 of 17   Document 12

### B. Regardless, Plaintiffs Fail to State a Claim For Violating Wis. Stat. § 428.103 Against Bluegreen Vacations Corporation Because Bluegreen Vacations Corporation Is Not a Party to the Contracts.

Plaintiffs bring their Wis. Stat. § 428.103 claim based on the language of the sales contracts, but Bluegreen Vacations Corporation is not a party to those contracts. (Feinstein Decl. Exs. A-C (p. 4).) This Court can simply look to the contracts to determine as much. And, even though Plaintiffs allege otherwise, this Court need not accept allegations in the complaint that contradict the plain language of the contracts that are incorporated by reference. *Graue Mill Dev. Corp.*, 927 F.2d at 991. As with their misrepresentation claim, Plaintiffs cannot maintain this claim against Bluegreen Vacations Corporation by alleging it is party to contracts to which, on their face, Bluegreen Vacations Corporation is not a party.

### III. THE LANDONS FAIL TO STATE A CLAIM FOR VIOLATION OF WISCONSIN'S BAN ON THE USE OF REFERRAL SELLING PLANS.

The Landons fail to allege that any use of a referral selling plan by the Bluegreen entities caused them any harm, and therefore their referral selling plan claim must be dismissed. The Landons cannot state a claim for violation of Wis. Admin. Code § ATCP 121 and Wis. Stat. § 100.20(5) without alleging that any such violation caused them harm. They do not and therefore the Landons' referral selling plan claim must be dismissed.

The Landons must allege three elements to prove a claim under Wis. Stat. § 100.20(5), including a claim for an unlawful referral selling plan as defined in Wis. Admin. Code § ATCP 121.01. The Landons must allege that the Bluegreen entities: (1) used a method of sale in violation of the law or administrative code; and (2) that the use of this method caused; (3) them to incur a pecuniary loss. Wis. Stat. § 100.20(5) (requiring "*pecuniary loss because of a violation . . . of . . . . an[] order issued under this section*" in order to sue for damages); *Pliss v. Peppertree Resort Villas, Inc.*, 2003 WI App 102, ¶ 12, 264 Wis. 2d 735, 663 N.W.2d 851.

Here, the Landons have not alleged that the Bluegreen entities' alleged use of an unlawful referral selling plan caused them to do anything, much less caused them to suffer any damages. (*See* Complaint ¶¶ 96-131.) They do not allege that they took any action as a result of their allegation that they were offered benefits through an unlawful referral selling plan. (*Id.*) They do not allege that the Bluegreen entities failed to provide the benefits offered. (*Id.*) Indeed, they do not allege that they ever even considered taking advantage of the referral selling plan they allege was offered to them. (*Id.*)

While the Landons allege that they purchased a timeshare unit after the Bluegreen entities offered an unlawful referral selling plan, this fact, without more, is not enough to meet their burden of alleging they incurred any loss *because of* the referral selling plan. *See Ott v. Peppertree Resort Villas, Inc.*, 2006 WI App 77, ¶ 38, 292 Wis. 2d 173, 716 N.W.2d 127 (upholding decision that plaintiffs suffered no damage because of violation of § ATCP 121); *Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.*, 2009 WI App 65, ¶ 14, 318 Wis. 2d 802, 767 N.W.2d 394 ("We have no quarrel with the assertion that a violation of [Wis. Stat. § 100.20(5)] must 'cause' a pecuniary loss to the consumer. In fact, that is exactly what the statute and the code mean to say."); *Ott*, 292 Wis. 2d 173, ¶ 24 (differentiating between Wis. Stat. § 707.57(1) and Wis. Stat. § 100.20(5), which requires that the plaintiff be someone who "suffer[ed] pecuniary loss because of a violation" of the statute).

Because the Landons fail to allege a key element of this claim, their referral selling claim must be dismissed.

## **CONCLUSION**

Plaintiffs cannot sustain the majority of their claims in the face of a motion to dismiss. They failed to allege that the Bluegreen entities made any misrepresentation to them, and at best allege that the contracts are ambiguous. Even if their misrepresentation claim could survive,

-15-

Plaintiffs cannot make Bluegreen Vacations Corporation party to a contract it did sign. Similarly, Plaintiffs cannot sustain a claim that the Bluegreen entities used language barred from certain loan agreements when the contracts at issue are not loans. And, once again, not even the most liberal pleading standard allows them to allege their way into making Bluegreen Vacations Corporation party to a contract it did not sign. Finally, the Landons cannot sustain a claim for use of an unlawful referral selling plan because they have failed to allege that such use caused them to incur any damages.

Dated this 5th day of September, 2018.

Respectfully submitted,

Quarles & Brady LLP

*s/ Emily M. Feinstein*
Emily M. Feinstein (WI SBN: 1037924)
Email: emily.feinstein@quarles.com
Gregory T. Everts (WI SBN: 1001636)
Email: gregory.everts@quarles.com
Marisa L. Berlinger (WI SBN: 1104791)
Email: marisa.berlinger@quarles.com
33 East Main Street, Suite 900
Madison, WI 53703
(608) 251-5000

*Attorneys for Defendants*
*Bluegreen Vacations Unlimited, Inc. and*
*Bluegreen Vacations Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2018, I caused the foregoing Brief in Support of Motion to Dismiss to be filed using the Court's CM/ECF website which provides electronic copies via email to all counsel of record, namely:

> DeVonna Joy
> Consumer Justice Law Center
> PO Box 51
> Big Bend, WI 53103
> 262-662-3982
> 262-662-0504 (fax)
> consumerjustice@wi.rr.com
>
> Cathleen M. Combs
> Daniel A. Edelman
> Edelman Combs Latturner & Goodwin LLC
> 20 S Clark St - Ste 1500
> Chicago, IL 60603
> 312-739-4200
> 312-419-0379 (fax)
> courtecl@edcombs.com

*/s/ Emily M. Feinstein*